## WATSON CO. v. BLEEKER et al.
### (No. 7549.)

(Court of Civil Appeals of Texas. San Antonio. April 17, 1926. Rehearing Denied May 5, 1926.)

1. Contracts ⊚==164—Subcontractor held bound by stipulation in specifications in building contract, by express reference made part of subcontract.

Subcontractor for sheet metal work is bound by stipulation in specification in building contract that actual cost, and not estimated price, of metal ceiling, should control; the specifications being, by express reference, made part of subcontract.

2. Payment ⊚==86—Overpayment by contractor on concealment of fact by subcontractor held recoverable.

The subcontractor for sheet metal work, bound by the provision of the building contract that owner should be credited with difference if metal for ceiling cost less than estimated in specifications, having, by concealment of the fact that he got the material for less, been paid on the basis of the estimate, the contractor on learning of the deceit, and crediting the owner, and demanding an accounting from subcontractor, could recover from him the overpayment.

Error from Dallas County Court at Law; W. N. Coombes, Judge.

Action by the Watson Company against J. Bleeker and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

Holloway & Holloway and J. H. Neel, all of Dallas, for plaintiff in error.

John White and W. A. Hudson, both of Dallas, for defendants in error.

SMITH, J. The W. T. Grant Company, a Dallas business firm, employed the Watson Company, contractors, to make certain alterations in the Grant Company's store buildings. The contract between the parties was in writing, which embraced a specification that:

"The entire ceiling * * * to be covered with a metal ceiling as selected by the architects, to have a filler and field in design as selected and to have an 8″ cove * * * ceilings * * * to cost not over $6 per square f. o. b. Dallas, Texas. Should cost of ceiling selected be more, the owner will pay the difference; should cost of ceiling be less; credit shall be allowed to owner."

The Watson Company let the contract for the sheet metal work to J. Bleeker & Co., subcontractors, in a written agreement in which it was stipulated that:

"The subcontractors agree to furnish all labor, materials, tools, and equipment necessary to completely install all sheet metal work in said building as per plans and specifications prepared by C. D. Hill & Co., architects."

It appears from the record that the subcontractors paid only $4.20 or $4.25 per square for the metal ceilings used in the work, but concealed the fact from the principal contractor, and collected from him upon the basis of $6 per square, the estimated price allowed in the specifications. When the contractor ascertained that the subcontractor had paid the lower price for the ceiling placed in the building, it credited the owner with the difference, and brought this suit against the subcontractor to recover the amount of this difference. The trial court denied recovery to the contractor, apparently upon the theory that the subcontractor was not bound by the specification in the building contract to the

effect that the actual cost of the metal ceiling should govern the amount to be paid the contractor furnishing the material, without reference to the estimated cost indicated in the specifications.

[1, 2] In this holding the trial court erred. By express reference, the specifications in the building contract were made a part of the contract between the principal contractor and the subcontractor, and the stipulation that the actual cost, and not the estimated price, of the metal ceiling should control, was of course binding upon the subcontractor. The fact that the latter, by concealing the true cost, collected upon the basis of the larger and fictitious price, is no reason why he should not be required to disgorge when the true facts were ascertained. When the contractor found that the deception had been practiced he made amends to the owner, to whom he was directly accountable; and he pursued the proper remedy when he called for an accounting from the subcontractor, who was in turn accountable to him.

The judgment is reversed, and the cause remanded.